IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE JESUS CASTRO,<br><br>Defendant. | 8:12-CR-297<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. There are no objections to the presentence report. The defendant has filed a "Motion for Downward Departure, Variance, and For a Non-Guideline Sentence" (filing 35).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)   in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.   There are no objections that require resolution at sentencing. The defendant has filed a "Motion for Downward Departure, Variance, and For a Non-Guideline Sentence" (filing 35) stating, in its entirety:

> **COMES NOW**, Defendant, by and through his attorney, Thomas Niklitschek and hereby moves the Court for a downward departure and a variance pursuant to (a) 18 U.S.C. § 3553(a); and (b) due to circumstances in this case not contemplated or adequately accounted for in the sentencing guidelines.
> **WHEREFORE**, Defendant moves this court for a downward departure, variance, and for a non-guideline sentence.

Filing 35 (emphasis in original). The motion was filed on January 8, 2013. No brief or memorandum in support of the motion accompanied it, or has been filed since. As a result, the Court has literally no idea what basis the defendant believes would support a downward departure or variance.

The Order on Sentencing Schedule entered in this case provided that motions for departure or variance were to be filed by January 17, 2013, and that

> [m]otions for <u>departure</u> should be supported by a brief that explains why the departure from the guideline sentencing range is justified by normal guideline departure theory. Motions for <u>deviation</u> or <u>variance</u> from the guidelines as allowed under <u>Booker</u> or its progeny should be supported by a brief that explains why a sentence other than that called for under the guidelines is justified by a principle of law that is different in kind or degree from the normal principles of law applied under a strict application of the guidelines.

>   Filing 25 at 2 (emphasis in original). And "[i]t is expected that the court will not consider any sentencing issue first raised after the date set . . . for filing statements, objections, or motions for departure, deviation, or variance." NECrimR 32.1(b)(6).
>
>   The purpose of a sentencing schedule, and these tentative findings, is for the parties to notify the Court what issues are presented, and for the Court to give the parties some notice of how those issues are to be resolved. That purpose is not served when the Court's orders are not given due regard. The Court is, in fact, required to give the parties reasonable notice that it is considering a departure when the ground for departure is not identified in the presentence report or a prehearing submission, *see* Fed. R. Crim. P. 32(h), which places the Court in a difficult position when no grounds are identified. Nor is justice served when the Court is not presented with an opportunity to adequately consider legitimate grounds for a variance prior to the date of the sentencing hearing.
>
>   In the interests of justice, and because the sentencing hearing in this case is not scheduled to occur until February 25, 2013, the Court may be willing to grant the defendant leave to file an untimely brief in support of the defendant's motion. Whether to permit a new issue to be raised at sentencing is subject to the Court's discretion, see Rule 32(i)(1)(D), but the defendant should be aware that the Court is not likely to look favorably upon an attempt to raise an issue for the first time at the sentencing hearing. *See, e.g.,* United States v. Valdez, 201 Fed. Appx. 711, 713-14 (11th Cir. 2006); *cf.* United States v. Jones, 70 F.3d 1009, 1010 (8th Cir. 1995).

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

       requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.    Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.    Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 22nd day of January, 2013.

                               BY THE COURT:

                               */s/ John M. Gerrard*
                               John M. Gerrard
                               United States District Judge